ACCEPTED
01-14-00868-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/21/2015 9:49:16 AM
CHRISTOPHER PRINE
CLERK

IN THE COURT OF APPEALS FOR THE
FIRST DISTRICT COURT OF APPEALS
NO. 01-14-868-CR

EX PARTE

STUART OLAND WHEELER

ON APPEAL FROM
THE 155TH DISTRICT COURT
AUSTIN COUNTY, TEXAS

TRIAL COURT CAUSE NO. 2014V-0074

FILED IN
COURT OF APPEALS
HOUSTON, TEXAS
5/21/2015 9:49:16 AM
CHRISTOPHER A. PRINE
Clerk

SECOND POSTSUBMISSION BRIEF

**TO JUSTICES JENNINGS, HIGLEY, AND HUDDLE:**

Seeing from the State's *Postsubmission Reply Brief* that the State has missed the entire point of this litigation, and to minimize the possibility that the fault is Mr. Wheeler's, Mr. Wheeler files this *Postsubmission Surreply Brief*, and thanks the court for its patience.

## CONTENT V. CONDUCT? NO.

The opposite of a content-based restriction on speech is not, as the State suggests, a "conduct-based regulation." It is, rather, a "time, place, or manner" restriction, subject to intermediate scrutiny: it "must be narrowly tailored to serve the government's legitimate, content-neutral interests but … it need not be the least restrictive or least intrusive means of doing so." *Ward v. Rock Against Racism*, 491 U.S. 781, 799 (1989).

Section 33.021 is not a "time, place, or manner" restriction on speech because it is not content-neutral. It is not content-neutral

because the factfinder must consider the content of the speech to determine whether it violates the law.

<u>Actual Solicitation? No.</u>

It is true that the legislature could constitutionally forbid actual solicitation of an actual minor even though such a regulation would be content-based. This session the Texas Legislature has rewritten Section 33.021 to forbid actual solicitation of an actual minor; it has sent Senate Bill 344 to the Governor for his signature.

Senate Bill 344[1] is instructive because it shows what a more constitutional online-solicitation statute looks like and hightlights the deficiencies in the current Section 33.021.

Senate Bill 344 limits the definition of "Minor" to:

(A) an individual who <u>is</u> younger than 17 years of age; or

(B) an individual whom the actor believes to be younger than 17 years of age.

The legislature eliminated the "represents himself or herself to be" language, thus eliminating the possibility that an actor can be prosecuted for ageplay with an adult whom he knows to be an adult but who pretends ("represents himself") to be otherwise.

---

[1] https://legiscan.com/TX/text/SB344/id/1224691

2

Senate Bill 344 also restores the constitutionally required defenses of fantasy and lack of intent:

> (d) It is not a defense to prosecution under Subsection (c) that the meeting did not occur.

This eliminates the possibility that people can be prosecuted for speech that is not intended to solicit sex, or for fantasy speech.

## Conclusion

The State's Postsubmission Reply Brief would be a workmanlike defense of Senate Bill 344, but it misses the point of Mr. Wheeler's challenge: that in the current version of Section 33.021 both:

> a) the definition of minor to include an adult who represents himself to be, but whom the actor does not believe to be a minor; and
>
> b) the explicit elimination of both "no intent" and "fantasy" defenses

broaden the statute past all constitutional defensibility.

## Certificate of Service

A copy of this brief will be delivered to the attorney for the State by electronic filing.

## Certificate of Compliance

This brief contains a paltry 497 words, by Microsoft Word's count.

Thank you,

_____

Mark Bennett
SBN 00792970
Bennett & Bennett
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
mb@ivi3.com